IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMEERAH L. BEALE | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 22-4810 |
| v. | : | |
| | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, INC. | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                              DECEMBER 27, 2023

# MEMORANDUM OPINION

## INTRODUCTION

On November 18, 2023, this Court issued Rule to Show Cause Order directing Plaintiff Sameerah L. Beale ("Plaintiff") to file a response addressing why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) for failure to prosecute. (ECF 18). As of the date of this Memorandum Opinion, Plaintiff has not responded to the Order in any manner. Consequently, after having carefully considered and weighed the factors set forth in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), Plaintiff's complaint is dismissed with prejudice for failure to prosecute under Rule 41(b).

## BACKGROUND

On December 1, 2020, Plaintiff filed a *pro se* complaint against Defendant Experian Information Solutions, Inc. ("Defendant"), asserting that (1) Defendant had violated the Fair Credit Reporting Act and (2) a defamation claim. (ECF 1). On January 4, 2023, this Court issued an Order directing the parties to provide Rule 26(a) disclosures and to commence discovery immediately. (ECF 7). On February 9, 2023, a Scheduling Order was issued setting forth the case

management deadlines, including a fact discovery deadline of August 10, 2023, and a dispositive motion deadline of November 10, 2023.  (ECF 13).

On November 10, 2023, following the close of discovery, Defendant filed a motion to dismiss for lack of prosecution and a motion for summary judgment.  (ECF 15, 16).  Despite the passing deadlines, Plaintiff did not respond to either motion.

On November 20, 2023, this Court issued an Order directing Plaintiff to show cause why this matter should not be dismissed pursuant to Rule 41(b) by December 1, 2023.  (ECF 18).  As noted, Plaintiff has failed to respond to this Court's Order.

**LEGAL STANDARD**

Rule 41(b) authorizes district courts to involuntarily dismiss an action, with prejudice, "where a plaintiff fails to prosecute or to comply with these rules or a court order . . . ."  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Poulis*, 747 F.2d at 868.  Recognizing that dismissals with prejudice or the entry of default judgment are "drastic sanctions," the United States Court of Appeals for the Third Circuit (the "Third Circuit") has instructed district courts to apply a six-factor balancing test to determine whether dismissal with prejudice or the entry of default judgment, as a sanction for a litigant's non-compliance with court orders, is appropriate.  *Poulis*, 747 F.2d at 867–68.  Courts in this Circuit generally apply the *Poulis* factors when considering either the entry of default judgment or the dismissal of a complaint, with prejudice.  *See, e.g.*, *Plumbers Union Loc. No. 690 v. F.P.S. Plumbing, Inc.*, 2009 WL 2591153, at *2 (E.D. Pa. Aug. 20, 2009); *Fetter v. N. Am. Alcohols, Inc.*, 2009 WL 2179659, at *2 (E.D. Pa. July 21, 2009); *Eggleston v. Lewis*, 2014 WL 690555, at *4 (M.D. Pa. Feb. 24, 2014); *Paschal v. McKeesport Elderly Hous. Corp.*, 2007 WL 2317463, at *2 (W.D. Pa. Aug. 7, 2007).

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim and defenses. *Poulis*, 747 F.2d at 868. Notably, not all the factors need weigh in favor of dismissal nor be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that district court did not abuse its discretion where five *Poulis* factors favored dismissal). The decision to dismiss a complaint, with prejudice, is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As noted, it is within this Court's discretion to dismiss a complaint, with prejudice, should the review and balancing of the *Poulis* factors warrant such court action. Therefore, this Court will briefly address each factor to determine whether the dismissal of the complaint, with prejudice, is warranted.

### *Extent of Plaintiff's Responsibility*

Because Plaintiff is proceeding *pro se*, Plaintiff alone is responsible for her failure to respond to Defendant's motions and to comply with this Court's Order. *See Briscoe*, 538 F.3d at 258. Her failures cannot be attributed to any counsel or other party. Thus, this factor weighs in favor of the dismissal of the complaint with prejudice.

### *Prejudice to Defendant*

The prejudice to Defendant is also due to Plaintiff's own conduct and inactions. Plaintiff has failed to respond to Defendant's motion to dismiss for failure to prosecute, Defendant's motion for summary judgment, or the Order directing her to show cause why this matter should not be dismissed for failure to prosecute. These failures have forced Defendant to expend time and money to prepare and file its motions. In addition, by effectively abandoning this case prior to a final resolution, Plaintiff has prevented Defendant from obtaining relief in any way other than by requesting the dismissal of the complaint, with prejudice. Under the circumstances, this prejudice factor weighs in favor of the dismissal of the complaint with prejudice.

### *Plaintiff's History of Dilatoriness*

According to Defendant, and not disputed by Plaintiff, Plaintiff has not undertaken any efforts to prosecute this matter. Plaintiff's dilatoriness is evidenced by her failure to engage in discovery, respond to either of Defendant's dispositive motions, or to comply with the Order directing her to show cause why this matter should not be dismissed. This factor, thus, weighs in favor of the dismissal of the complaint with prejudice.

### *Willfulness and Bad Faith Conduct*

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has stated that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff's repeated failures to respond to Defendant's dispositive motions and her failure to comply with the Rule to Show Cause Order shows willfulness. Thus, this factor weighs in favor of the dismissal of the complaint with prejudice.

### *Effectiveness of Sanctions other than Dismissal, With Prejudice*

Plaintiff's repeated failures to respond to Defendant's dispositive motions and failure to comply with the Order to show cause have deprived this Court of the ability to fashion, even if appropriate, a less severe and more moderate sanction that might ensure future compliance. Plaintiff simply ignored this Court's Order. In the absence of any mitigating circumstances or justification for her lack of participation in this matter, Plaintiff's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of the dismissal of her complaint with prejudice.

### *Meritoriousness of Plaintiff's Claims and Defendant's Defenses*

Since filing the complaint, Plaintiff has effectively abandoned her claims by having conducted no discovery in support thereof. Defendant, on the other hand, has filed a substantive motion for summary judgment which points to Plaintiff's evident failure to obtain or produce evidence sufficient to meet her summary judgment burden on any of her claims. Because this Court is unable to fully weigh the merits, if any, of Plaintiff's claims, this final factor weighs in favor of the dismissal of the complaint with prejudice.

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors, individually and collectively, significantly weigh in favor of the dismissal of the complaint, with prejudice. As such, Plaintiff's complaint is dismissed with prejudice. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.